ANGLE *v.* CHICAGO, ST. P., M. & O. RY. CO.

*(Circuit Court, W. D. Wisconsin. July 10, 1889.)*

In Equity.

*Lamb & Jones, Ewing & Southard,* and *J. R. Doolittle,* for complainant.
*Pinney & Sanborn,* for defendant.

HARLAN, Justice. The plaintiff recovered in this court, January 31, 1887, a judgment against the Chicago, Portage & Superior Railway Company for the sum of $205,883.19, damages and costs. Execution having been issued and returned unsatisfied, this suit was instituted for the purpose of reaching and subjecting to the satisfaction of that judgment the same lands as are in controversy in the suit in this court just determined, of *Trust Co.* v. *Railway Co., ante,* 143, and all notes, bonds, or moneys arising from sales, rents, stumpages, license charges, or proceeds of sale of such lands, in the hands either of the corporation last above named or of the judgment debtor. The allegations of the present bill are substantially the same as in the bill filed in the other suit. For the reasons stated in the opinion delivered in the suit brought by the Farmers' Loan & Trust Company, the court holds that the Chicago, Portage & Superior Railway Company has no interest in said lands which can be subjected in satisfaction of the above judgment against it. The demurrer is sustained, and the bill must be dismissed, with costs to the defendant. It is so ordered.

---

HAYES *v.* YAWGER. SAME *v.* FITCH. SAME *v.* VAN SICKLE. SAME *v.* DURSTON *et al.* SAME *v.* HOWLAND. SAME *v.* WHITE *et al.*

*(Circuit Court, N. D. New York. July 23, 1889.)*

COXE, J. These causes involve the same question presented in *Hayes* v. *Shoemaker, ante,* 319. No distinction was made against any of these defendants upon the argument or in the printed briefs. There was an implied understanding, at least, that the cases should stand or fall together. It is therefore unnecessary to file a separate decision in each case. In some of these cases the facts are stronger for the defendant than in the *Shoemaker Case.* In the case of *Hayes* v. *Durston* they are not so strong; but after a careful examination of the entire testimony I am convinced that all the cases are within the principle of *Whitney* v. *Butler,* 118 U. S. 655, 7 Sup. Ct. Rep. 61, and that in each a judgment must be entered for the defendant.